

ATTORNEYS AT LAW

June 20, 2013

**VIA HAND DELIVERY**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:    *In re Bank of New York Mellon Corp. Foreign Exchange Transactions Litig.*,
            Case No. MD-12-2335-LAK (S.D.N.Y.);

            *Carl Carver, et al. v. The Bank of New York Mellon, et al.*, Case No. 12-cv-9248-
            LAK (S.D.N.Y.)

Dear Judge Kaplan:

      We write on behalf of the Plaintiffs' Executive Committee in response to the letter sent to your Honor on June 17, 2013 by counsel for Plaintiffs in the *Carver* action.

      While the Executive Committee was consulted regarding *Carver* plaintiffs' desire for jurisdictional discovery and a briefing schedule extension on Defendants' motion to dismiss, and signed off on the stipulation that was submitted in support of same, *Carver* plaintiffs' cover letter to the Court was not shared with the Executive Committee or with Defendants before it was submitted to your Honor. That letter contained legal argument that was both unnecessary and inappropriate for the purpose submitted, *i.e.*, in support of an unopposed request for a time extension.

      Specifically, *Carver* plaintiffs' view that "ERISA preempts state law claims" is neither shared by the Executive Committee nor supported by applicable law in this context. Nor, indeed, have Defendants taken such a position to date in this litigation, notwithstanding the facts that (i) the proposed class and subclasses of affected BNYM customers described in the customer class actions to date specifically include ERISA plans; (ii) the named plaintiff in one of

1119118.1

Honorable Lewis A. Kaplan
June 20, 2013
Page 2

the pending customer class cases (the *Operating Engineers*[1] action) is an ERISA plan; and (iii) a motion to dismiss the *Operating Engineers* action was briefed and decided more than a year ago in Plaintiffs' favor. Defendants never raised the argument that ERISA preempted any of Plaintiffs' claims in *Operating Engineers*, putting *Carver* plaintiffs in the odd position of being the sole advocates of an argument detrimental to the ERISA plans they would seek to represent.

We are available to discuss this or any other matter at the Court's convenience.

Respectfully,

Elizabeth J. Cabraser
LIEFF CABRASER
HEIMANN & BERNSTEIN,
LLP

Joseph H. Meltzer
KESSLER TOPAZ MELTZER
& CHECK, LLP

Steven B. Singer
BERNSTEIN LITOWITZ
BERGER &
GROSSMANN, LLP

cc: All counsel (via e-mail)

---

[1] *International Union of Operating Engineers, Stationary Engineers Local 39 Pension Trust Fund v. The Bank of New York Mellon Corporation, et al.*, 1:12-cv-03067-LAK (S.D.N.Y.).

1119118.1