


ATTORNEYS AT LAW

November 6, 2013

**VIA ECF AND HAND DELIVERY**

Honorable James L. Cott
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312

      RE:    *In re Bank of New York Mellon Corp. Foreign Exchange Transactions Litig.*,
             Case No. MD-12-2335-LAK (S.D.N.Y.)

Dear Magistrate Judge Cott:

      Plaintiffs' Executive Committee (the "EC") respectfully moves, pursuant to §II(B)(3) of the Pilot Project, for leave to file this reply in support of its motion for a protective order (the "Motion").

      Neither Plaintiffs' Motion nor Defendants' Motion for Emergency Relief[1] would have been necessary had BNYM done what Plaintiffs reasonably requested of it following Your Honor's October 24, 2013 order denying BNYM's motions to compel.  *See* Dkt. No. 299 (the "Order").  Specifically, on three separate occasions between October 25 and 31, 2013, Plaintiffs asked BNYM to (at a minimum) inform the 130 third party subpoena recipients of the Order, and to re-issue subpoenas that did not seek categories or date ranges of documents held by the Order to be irrelevant or overly broad with respect to the parties.  Exhs. A, B, C.  When BNYM informed the EC that it intended to seek review of the Order, the EC asked BNYM to inform the third parties of this fact, and that they could hold their productions in abeyance pending the appeal.  BNYM refused.  Accordingly, given BNYM's clear intent to continue to seek discovery from third parties that the Court held was not discoverable from parties, the EC contacted the third parties to inform them of the Order.  Contrary to Defendants' position, there is no authority which allows Defendants to obtain from third parties discovery that the Court has held is irrelevant, and cannot even be obtained from parties.  *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 02 CIV. 3400 WCC, 2006 WL 2642192, at *2 (S.D.N.Y. Sept. 13, 2006) ("To permit [Defendant] to obtain, through a subpoena to a non-party, documents that we have already determined irrelevant would permit it to circumvent our prior decision.").  Simply put, at minimum, Defendants should be required to inform <u>all</u> of the subpoenaed third parties of the Order, the fact that Defendants are seeking review of that decision, and that responses to the subpoenas may be held in abeyance until such time as the Court rules on that appeal and can properly determine the scope of third party discovery.  Proceeding in this fashion will ensure that discovery is uniform across all the coordinated actions.

      Notably, BNYM has now conceded that the Order impacts the scope of third party discovery.  Specifically, at the close of business on November 1, as Plaintiffs were filing their Motion, BNYM informed the EC that they had sent the Order to 3 of the 130 subpoenaed third parties supposedly relevant only to the Securities Action, informed them that they intended to seek review of the Order, and that they could hold their production in abeyance until such time as the Court ruled on their appeal.  *See* Ex. D.  Thus, BNYM's position is <u>not</u> that the Order does not impact the scope of the production by third parties, but that the Order supposedly only impacts the scope of discovery by third parties in the Securities Action.  This is nonsense, and directly contradicted by all of BNYM's prior representations to this Court regarding the need for common discovery in these actions, due to the "similar issues" and "similar claims," and BNYM's same "central defense" in each of them.  Indeed,

---

[1] After Plaintiffs filed this Motion, BNYM filed a Motion for Emergency Relief (Dkt. No. 305).  Judge Kaplan has scheduled a hearing on that motion for November 12, 2013.

BNYM has argued repeatedly in every case – not just the Securities Action – that Plaintiffs' claims lack merit because "Plaintiffs knew, or should have known, what [BNYM's] statements" about its FX practices really "meant."[2]  BNYM cannot now credibly contend that the Order only applies to "a narrow discovery dispute" in the Securities Action.[3]  Moreover, the mere fact that this discovery issue was raised in the Securities Action obviously does not mean that its holding is limited to that case. Having received a ruling that non-BNYM related documents are not relevant to "whether BNYM's *own statements*" were false and misleading, BNYM offers no rational reason why this ruling should not equally apply across all of the cases in which BNYM's false statements are at issue.  Order at 5 (emphasis added).[4]

Defendants' argument that Plaintiffs lack standing to seek a protective order is similarly without merit.  As an MDL court, the Court unquestionably has the authority to manage *all* discovery in these actions, including subpoenas issued to third parties out of other districts, to prevent the risk of rulings inconsistent with its own discovery orders.  *See* Motion at 3.  The cases cited by BNYM are inapplicable as none involve an MDL court issuing a decision governing the scope of discovery in the coordinated actions before it, and a defendant refusing to even inform third parties who may be impacted by that order of its existence.

BNYM's argument that absent class members are appropriate subpoena targets because they "have been identified as potential witnesses or have otherwise 'injected' themselves into the litigation" ignores two things.  First, no absent class member has "injected itself" into this litigation, and BNYM cannot seriously argue otherwise.  Second, the USAO subpoenaed third parties only after BNYM identified hundreds of them as potential witnesses in its Rule 26 disclosures.[5]  In short, BNYM is using its *own* identification of absent class members as "potential witnesses" to justify the discovery it seeks.  BNYM provides no authority for this – indeed, the authority it does provide is so readily distinguishable from this case, it undermines BNYM's argument.[6]

Finally, to the extent BNYM and Nichols contend that the Order is wrong and prejudices their defenses, BNYM has now filed Objections to the Order. (Dkt. No. 314).  Plaintiffs' responses to those arguments will be set forth in their opposition to BNYM's Objections.

---

[2]  *See, e.g.,* Answer, filed Sept. 15, 2013 (No. 1:12-cv-3067 (S.D.N.Y.), Dkt. No. 154), at 25, 27 (Eighth, Twenty-Second Affirmative Defenses); Answer, filed Sept. 15, 2013 (No. 1:11-cv-9175 (S.D.N.Y.), Dkt. No. 155), at 20, 22, 23 (Tenth, Twenty-Third, Twenty-Fourth, Twenty-Eighth, and Thirty-Fourth Affirmative Defenses).

[3]  BNYM misleadingly argues that the entire Order was "premised on the assumption that 'third-party discovery' would provide an '[]adequate supplement' to Plaintiffs' production." Letter of Reid M. Figel to the Hon. Lewis A. Kaplan, dated Nov. 4, 2013 [Dkt. No. 307]. However, the quoted text to which BNYM refers clearly relates only to responses from certain of the Customer Class Plaintiffs' outside investment managers to RFPs.  It does not apply to the broad categories of documents that the Court held were overly broad or irrelevant to the claims or defenses in these actions.

[4] The Customer Class Plaintiffs never conceded the relevance of such documents and indeed recognized the parties' "most fundamental disagreement" concerning their relevance, but prior to the Order, to avoid burdening the Court with motion practice, agreed provisionally to run search terms on electronically-stored information that would potentially return such non-BNYM related documents as potentially "responsive," for further review.  This is the only reason that the issue was not specifically the subject of motion practice in the Customer Class Action as well.

[5] It bears noting that to the extent the USAO has sought discovery of any absent class member, it is limited to BNYM-related information, which is precisely in accord with the Order.

[6] *See Antoninetti v. Chipotle, Inc.*, No. 06cv2671-BTM (WMc), 2011 U.S. Dist. LEXIS 54854 (S.D.N.Y. May 23, 2011) (concerning discovery of witnesses, identified by plaintiffs, who signed declarations in support of plaintiffs' class certification motion); *Dsythe v. Basic Research, LLC*, 273 F.R.D. 625 (S.D.N.Y. 2011) (concerning discovery of a currently named plaintiff); *In re Warner Chilcott Sec. Litig.*, No. 06 Civ. 11515 (WHP), 2008 U.S. Dist. LEXIS 7613, *5 (S.D.N.Y. Feb. 4, 2008) (allowing third party discovery of select absent class members, where defendants made "strong showing" that discovery was "narrowly tailored" and would not "impose undue burden" on the witnesses, and plaintiffs did not oppose).

Respectfully submitted,

| */s/ Elizabeth J. Cabraser* | */s/ Joseph H. Meltzer* | */s/ Steven B. Singer* |
|---|---|---|
| Elizabeth J. Cabraser | Joseph H. Meltzer | Steven B. Singer |
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | KESSLER TOPAZ MELTZER & CHECK, LLP | BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP |

cc: All Counsel (via ECF and/or email)