UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

BANK OF NEW YORK MELLON CORP.
FOREX TRANSACTIONS LITIGATION

This Document Relates to:  All Cases
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff

    v.

THE BANK OF NEW YORK MELLON and
DAVID NICHOLS,

                Defendants.
------------------------------------------------------------x

*USDS SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #: _____*
*DATE FILED: 12/10/13*

12 MD 2335 (LAK)

11 Civ. 06969 (LAK)

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      A protective order has been in place in the MDL cases for over one year. The government did not sign onto that protective order and now objects to the Bank of New York Mellon's (the "Bank") request that a substantially similar protective order apply to the government action.[1] Joined by the MDL plaintiffs, the government asks that a weakened protective order apply to both the MDL cases and its lawsuit.

      The MDL protective order, which is of a sort routine in litigation of this character, permits a party producing discovery to designate documents for confidential treatment, subject to the right of any other party to object to such designations with respect to particular materials. In the event an objection is interposed, the designating party is obliged to sustain the burden of demonstrating good cause for confidential treatment in order to avoid "declassification." Moreover, the Bank must be parsimonious in making designations, as any systematic abuse may result in the narrowing or elimination of the protection now being afforded as well as other unwanted consequences.

---

[1] There is one substantive difference between the MDL protective order and the proposed government protective order. The Bank's proposed order provides an additional mechanism for filing confidential or highly confidential documents, wherein the filing party may provide notice to the producing party of its intent to file, and the producing party may then make an application to the Court to file the confidential material under seal.

        The MDL plaintiffs surely have shown no basis for backing away from the order that has been in place for well over a year. They are simply trying to ride on the coat tails of the government without any justification at all.

        Nor has the government offered any persuasive reason why the order proposed by the Bank for its action should not be adopted in its case. To be sure, the Court recognizes that the government has public responsibilities. In the event it becomes clear that the Bank has abused its privileges under the order or that application of the order to specific proposed activities of the government would unduly interfere with significant public interests, the Court remains available to all parties. But it is not prepared to assume, without any real basis, that the government is entitled to any special treatment in this regard.

        SO ORDERED.

Dated:      December 10, 2013

_____
Lewis A. Kaplan
United States District Judge