UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| BANK OF NEW YORK MELLON CORP. FOREX TRANSACTIONS LITIGATION | Master File No. 12 MD 2335 (LAK) |
| This Document Relates To: | |
| *Southeastern Pennsylvania Transportation Authority v. The Bank of New York Mellon Corp., et al.* | 12 Civ. 3066 (LAK) |
| *International Union of Operating Engineers, Stationary Engineers Local 39 Pension Trust Fund v. The Bank of New York Mellon Corp., et al.* | 12 Civ. 3067 (LAK) |
| *Ohio Police & Fire Pension Fund, et al. v. The Bank of New York Mellon Corp., et al.* | 12 Civ. 3470 (LAK) |
| *Louisiana Municipal Police Employees' Retirement System v. The Bank of New York Mellon Corp., et al.* | 11 Civ. 9175 (LAK) |
| *Carver v. The Bank of New York Mellon, et al.* | 12 Civ. 9248 (LAK) |
| *Fletcher v. The Bank of New York Mellon, et al.* | 14 Civ. 5496 (LAK) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE BANK OF NEW YORK MELLON'S MOTION TO STRIKE THE REPLY EXPERT REPORT OF DAVID DeROSA, Ph.D.**

1213347.1

BNYM asks the Court to strike the DeRosa Report, which Plaintiffs submitted on January 9, 2015 to respond to several issues raised for the first time in three of the *five* "rebuttal" expert reports the Bank submitted on December 5, 2014.  Because it is a reply report submitted on the deadline set by the Scheduling Order ("Order"), the DeRosa Report was timely.  *See* Order ¶ 6 ("Reply expert reports in response to any rebuttals shall be exchanged by January 9, 2015.").  BNYM's motion fails for this reason alone.

The DeRosa Report, moreover, addresses several of the Bank's experts' opinions regarding "best execution," a *merits* issue that will be important to the resolution of all these cases, including the DOJ and NYAG actions.  The meaning of "best execution" should therefore be decided on a full record at the merits stage, as the Scheduling Order contemplates.  BNYM notably fails to mention that the prescribed period for merits expert discovery *has not even begun*.  *See id.* ¶¶ 9-11 (initial merits expert reports to be exchanged on March 31, 2015 and merits expert discovery completed by June 8, 2015).  BNYM's motion should be denied.

1. **The DeRosa Report Was Timely.**  The Scheduling Order expressly permitted Plaintiffs to submit reply reports that "respon[d] to any rebuttals," and did not limit reply reports to experts who submitted initial reports.  *Id.* ¶ 6.  The DeRosa Report responds to the purported "rebuttal" report of Jonathan Macey as well as certain opinions in the reports of Christiane Mandell and Bradford Cornell (*see* DeRosa Rep. ¶ 10), all of which BNYM submitted on December 5, 2014.  The DeRosa Report was therefore timely served.[1]

Plaintiffs have not, contrary to BNYM's assertions, violated the Scheduling Order.  Indeed, if anyone has done so, it is *the Bank*.  Rebuttal reports should be "limited to the same

---

[1] *See, e.g.*, *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 2011 WL 4063297, at *2 (S.D.N.Y. Aug. 15, 2011) ("There was nothing improper about [plaintiff]'s experts stating opinions in their reply [reports] that respond directly to the 'same subject matter identified by' [defendant]'s experts in their rebuttal reports.") (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)).  Unless otherwise indicated, all internal citations have been omitted and all emphasis added.

subject matters encompassed in . . . initial reports." *Ironshore Ins. Ltd. v. W. Asset Mgmt. Co.*, 2013 WL 2051863, at *3 (S.D.N.Y. May 15, 2013) (citing *United States v. Casamento*, 887 F.2d 1141, 1172 (2d Cir. 1989)).  BNYM's five "rebuttal" experts offer opinions well beyond the scope of Plaintiffs' opening report, which presents methodologies for determining damages on a classwide basis.  BNYM's claims of "gamesmanship" and "sandbagging" are both disingenuous and devoid of merit.  In fact, Plaintiffs did not even retain Dr. DeRosa until *after* receiving BNYM's rebuttal reports.  Yet BNYM now seeks to preclude Plaintiffs from responding to opinions on issues *the Bank* has prematurely introduced.  The Bank's gambit should be rejected.

      According to BNYM (at 1), the extraordinary relief it seeks is justified because Plaintiffs "bear the burden of proof" to establish that evidence common to Class members will support their claim that the Bank falsely represented its SI FX services as providing "best execution." But whether the Bank provided "best execution" is a *merits* question, the answer to which will be common to all Class members in these actions.[2]  Further, Plaintiffs will provide evidence common to all Class members—principally through BNYM's documents and merits experts— that (i) *the Bank itself* did not believe it was providing "best execution"; and (ii) the Bank intentionally concealed its FX pricing practices.[3]  BNYM will have ample opportunity to address the meaning of "best execution" during the upcoming period for merits expert discovery.  In any event, BNYM intends to take Dr. DeRosa's deposition on January 29, 2015 (before the end of

---

[2] *See, e.g., Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1200 (2013) ("[T]his Court has held that . . . the falsity or misleading nature of the defendant's alleged statements or omissions are common questions that need not be adjudicated before a class is certified."); *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 757 (7th Cir. 2014) ("the question whether GSC packaging was likely to deceive a reasonable consumer is common"); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 568 (S.D.N.Y. 2014) (the "same generalized evidence will be used to establish whether [the] label is false, and if so, whether it was likely to mislead a reasonable consumer").

[3] *Compare, e.g.*, Ex. 1 (attached) (PX1313, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬) *with* Ex. 2 (attached) (David Almeida Dep. at 309:21-310:7, *e.g.*, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬); *see also* Ex. 3 (attached) (PX949, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬).

class-certification discovery).  The DeRosa Report thus imposes no prejudice on the Bank.

The decisions BNYM cites are inapposite.  In *Oracle America, Inc. v. Google Inc.*, 2011 WL 5572835 (N.D. Cal. Nov. 15, 2011), for example, plaintiff served two "rebuttal" reports by a previously undisclosed expert that responded to opinions by defendant's experts, even though plaintiff's initial expert also submitted rebuttal reports and there was no "issue raised by [defendant]'s opposition reports whose rebuttal might require or be enhanced by some specialty of [the new expert]."  *Id.* at *3.  Here, by contrast, Plaintiffs submitted the DeRosa Report to address several new issues unilaterally (and prematurely) raised in BNYM's "rebuttal" reports.[4]

### 2. In Any Event, BNYM Cannot Meet The High Threshold For Exclusion.

Even if the DeRosa Report were untimely (it is not), BNYM cannot establish that exclusion, a "drastic" and generally "disfavored" sanction, is warranted.  *See Teva Pharm.*, 2011 WL 4063297, at *1.  All factors bearing on whether to preclude expert opinions[5] favor Plaintiffs.

*First*, Plaintiffs reasonably, and in good faith, interpreted the Scheduling Order to provide that expert testimony on merits issues such as the meaning of "best execution" would be submitted at the merits-expert phase.  Nevertheless, given that BNYM prematurely raised that issue at the class-certification stage, Plaintiffs understood they were entitled to submit a reply (the DeRosa Report).  *See* Order ¶ 6.  *Second*, the Bank does not contest the importance of Dr. DeRosa's opinions to the consolidated cases.  *Third*, BNYM will suffer no prejudice in having to

---

[4] BNYM's other authorities are likewise unavailing.  *See Grand River Enters. Six Nations Ltd. v. VMR Prods. LLC*, 2014 WL 1671494, at *1 (W.D. Wis. Apr. 23, 2014) (striking opinions relating to "a topic addressed *nowhere* in the [adverse expert's] Report") (emphasis in original); *Slattery Co. v. Chesapeake La., LP*, 2014 WL 51453, at *1 (W.D. La. Jan. 6, 2014) (excluding witnesses added "over six months after fact discovery closed," and further noting plaintiff already had offered experts on the same subject as defendant's experts); *Md. Cas. Co. v. Earth Inspired Living, LLC*, 2013 WL 869394, at *1 (M.D. Fla. Mar. 7, 2013) (plaintiff "did not disclose any expert witnesses prior to the deadline" and later sought to introduce expert for "rebuttal" of expert that had been designated by defendants).

[5] *See Softel, Inc. v. Dragon Med. & Sci. Commc'ns*, 118 F.3d 955, 961 (2d Cir. 1997) (courts should evaluate "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance").

prepare "to meet the new testimony." As noted above, the DeRosa Report concerns issues raised (prematurely) *by BNYM* through its own reports, and the Bank will have the opportunity to depose Dr. DeRosa on January 29, 2015.[6] *Fourth*, no continuance is needed, as merits-expert discovery has not yet commenced and a trial date has not been set.[7]

Finally, the Bank's reliance on *Semi-Tech Litigation LLC v. Bankers Trust Co.*, 219 F.R.D. 324 (S.D.N.Y. 2004), is misplaced. There, "just 15 days prior to the expiration of the discovery period" and shortly before the case was to be tried, "plaintiff applied for a 90 day extension of the discovery period, arguing in part that it needed time to prepare expert reports." *Id.* at 325. While that application (which the Court ultimately denied) was pending, plaintiff designated two expert witnesses but did not make any of the other disclosures required by Rule 26, and later served expert reports on the last day for the completion of all discovery. *Id.* Although plaintiff had "neglected to prepare the case . . . consistent with the scheduling order," absent evidence of bad faith by plaintiff and "any substantial showing of prejudice to [defendant]," the Court was "unwilling to preclude plaintiff's experts," provided both were made available for depositions to be completed in short order. This case is not *Semi-Tech*, and BNYM's motion should be denied.

---

[6] *See, e.g.*, *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, 2008 WL 4911440, at *5 (E.D.N.Y. Nov. 13, 2008) (plaintiff "had a good-faith belief that it was complying with discovery orders," the subject report was "important to plaintiff's case," and "[t]he only possible prejudice to defendant would be the cost and delay required to depose an additional expert witness, but such prejudice would not outweigh the other factors").

[7] *See id.* By contrast, in *Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006), which BNYM cites, "[t]he prejudice to the defendants" that would result from allowing the untimely expert testimony "would have been severe, as discovery would have had to be reopened to determine whether [plaintiff]'s [damages] calculations were proper." *Id.* at 297. Further, "discovery had been closed for approximately one and a half years, and at the time of the offer of expert testimony there was only a short time left before trial." *Id.* The Bank's other authorities are inapposite as well. *See AstraZeneca LP v. Breath Ltd.*, 2014 WL 4798477, at *4 (D.N.J. Sept. 26, 2014) (plaintiff "waited . . . until just weeks before the close of discovery and the commencement of trial[] before suddenly springing upon Defendants new experimental data," and the subject report "addresse[d] issues that were laid out explicitly in the [adverse expert's] Opening Report—not issues raised for the first time in the Responsive Report"); *Morritt v. Stryker Corp.*, 2011 WL 3876960, at *5 (E.D.N.Y. Sept. 1, 2011) (expert "had not provided evidence of a feasible, alternative design" during the expert-discovery period, but later, "in connection with their opposition to defendants' motion for summary judgment, plaintiffs submitted a declaration from [the expert] that propose[d], for the first time, two alternative designs").

- 4 -

Dated: January 14, 2015

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: /s/ Elizabeth J. Cabraser

Elizabeth J. Cabraser
Daniel P. Chiplock
Daniel E. Seltz
Michael J. Miarmi
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel: (212) 355-9500
Fax: (212) 355-9592


KESSLER TOPAZ MELTZER & CHECK, LLP

Joseph H. Meltzer
Sharan Nirmul
Daniel Mulveny
Sekou Campbell
Jonathan Neumann
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

*Interim Co-Lead Counsel for the Customer Classes*

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

Max W. Berger
John C. Browne
Jeremy P. Robinson
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444

*Counsel for Securities Lead Plaintiff The State of Oregon and the Securities Class*

- 5 -

1213347.1

MCTIGUE LAW LLP

J. Brian McTigue
James A. Moore
4530 Wisconsin Ave, NW, Suite 300
Washington, DC 20016
Telephone (202) 364-6900
Facsimile: (202) 364-9960

KELLER ROHRBACK L.L.P.

Lynn Lincoln Sarko
Derek W. Loeser
T. David Copley
Laura R. Gerber
1201 3rd Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-8986

*Counsel for ERISA Plaintiffs*