HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, SUBJECT TO PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> BANK OF NEW YORK MELLON CORP. <br> FOREX TRANSACTIONS LITIGATION <br><br><br> This Document Relates to: *The Securities Case* | 12 MD 2335 (LAK) <br> 11 Civ. 06969 (LAK) <br><br> ECF Case |

**LEAD PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DE-DESIGNATE
DOCUMENTS BNYM MARKED AS CONFIDENTIAL**

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, SUBJECT TO PROTECTIVE ORDER

Lead Plaintiff respectfully submits this motion to de-designate certain documents marked "confidential" by defendant Bank of New York Mellon ("BNYM" or the "Bank"). *See* Declaration of John C. Browne ("Browne Decl."), Ex. 1 (Chart of Documents at Issue).

## Introduction

This motion seeks an order de-designating eight of the millions of documents that BNYM has marked "confidential" or "highly confidential – outside counsel eyes only" in this litigation. The documents at issue were submitted to the Court as exhibits to Lead Plaintiff's March 27, 2015 motion for class certification and are currently filed under seal.

None of the documents are properly designated as confidential. They do not contain any trade secrets, personal data, or other competitively sensitive information. To the contrary, they are historic emails directly related to the alleged fraud in this case. *See* Browne Decl., Exs. 1, 6-13. Moreover, two of the documents already have been publicly disclosed in substantial part, while another is simply an email forwarding a public news report. As discussed below, BNYM cannot satisfy its heavy burden to demonstrate the "good cause" necessary to keep these materials confidential under the Confidentiality Order in this case or the governing law in this District.

## Background

On June 18, 2012, the parties submitted to the Court a proposed confidentiality order restricting the information that could be marked confidential in discovery to (a) "competitively sensitive technical, marketing, financial, sales or other confidential business information"; (b) "private or confidential personal or financial information"; (c) "information received in confidence from non-parties"; or (d) information a party "believes in good faith to be entitled to protection" under Rule 26(c)(1)(G). *Id.* at ¶2. The Confidentiality Order also states that if any party disagrees with a confidentiality designation it "may seek appropriate relief by motion." *Id.* at ¶27.

On June 20, 2012, the Court entered the parties' proposed order but modified the language in paragraph 27 to read as follows (the underlined language was added by the Court):

> The Producing Person bears the burden of persuading the Court that the Information is in fact Confidential or Highly Confidential within the definitions(s) of those term(s) set forth above, <u>and that there is good cause for such protection.</u>

*Id.* at ¶27. BNYM has not made any meaningful attempt to comply with the Confidentiality Order in this case. Instead, it has designated virtually every single one of the more than 20 million pages of documents it has produced as "confidential" or "highly confidential." Documents that BNYM has marked confidential include filings with the Securities Exchange Commission, years-old emails among BNYM executives, and documents that have been publicly disclosed in other proceedings.

On March 27, 2015, Lead Plaintiff filed a motion for class certification and attached as exhibits thirty-five documents BNYM had produced in discovery and marked as "confidential" or "highly confidential." Lead Plaintiff filed those exhibits under seal and redacted all reference to them from the publicly-filed version of Lead Plaintiff's memorandum of law in support of class certification. On March 30, 2015, Lead Plaintiff sent a letter challenging BNYM's confidentiality designations on those documents. Browne Decl., Ex. 3. The parties subsequently held a meet-and-confer and BNYM agreed to remove the confidentiality designations on twenty-seven of the documents. BNYM refused, however, to de-designate the eight documents that are the subject of this motion. Browne Decl., Exs. 4 and 5.[1]

## Argument

There is a strong presumption of public access to court documents. *See, e.g., SEC v. The Street.com*, 273 F. 3d 222, 231 (2d Cir. 2001). "A party seeking a protective order sealing trial, other court hearings, or motions and accompanying exhibits filed with the court must satisfy a more demanding standard of good cause." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 242-43 (S.D.N.Y.

---

[1] After the Court rules on this motion, Lead Plaintiff will re-file its class certification papers on the public docket to reflect the documents BNYM agreed to de-designate and, if the Court grants any part of this motion, the documents the Court unseals. Lead Plaintiff also reserves the right to challenge at a later junction BNYM's vast over designation of discovery materials as confidential.

2

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, SUBJECT TO PROTECTIVE ORDER

2009); *see also Lugosch III v. Pyramid Company of Onondaga*, 435 F. 3d 110, 119 (2d Cir. 2006) ("the common law right of access to judicial documents is firmly rooted in our nation's history"); *Rancharian v. Family Dollar Stores*, 2011 WL 1796395 (S.D.N.Y. May 3, 2011) (denying motion to seal documents filed with class certification papers).

Here, BNYM cannot carry its heavy burden under the Confidentiality Order or case law of demonstrating the "good cause" necessary to keep any of the challenged documents confidential.

First, substantial portions of two of the documents are already public. Exhibit 12 ███████████████████████████████████████████████████████████████████████████████████████████████████████. Significant portions of that email have been disclosed by the New York Attorney General and were quoted extensively in Lead Plaintiff's publicly-filed complaint in this very case. *See* Browne Decl., Exs. 1, 12, 15. Similarly, much of Exhibit 13 – ██████████████████████████████████████████████████ – was made public by the Massachusetts Attorney General's office. *See id.,* Exs. 1, 13, 16. Because the Confidentiality Order expressly states that "Information shall not be entitled to a Confidential or Highly Confidential designation where such material was in the public domain at the time of, or has become public since, its designation" (*id.*, Ex. 2 at ¶27), Exhibits 12 and 13 should be de-designated. Moreover, these documents are nearly six years old and concern business practices that have been widely discussed in the public forum.

Second, Exhibit 8 is an ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.,* Exs. 1, 8. There is nothing in this exchange that remotely could be characterized as a trade secret, personal data or

3

competitively sensitive information. The document is also highly relevant given that Mr. Bryant subsequently drafted a letter to the editor of the *Richmond Times* criticizing the FX lawsuits against BNYM and ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████. *See* ECF No. 587 at 9-10.

Finally, the remaining five documents are all years-old emails concerning BNYM's business practices and do not contain any trade secrets, personal data or competitively sensitive information. *See* Browne Decl., Ex. 1. And all of them relate directly to the alleged fraud, as they discuss BNYM's FX practices, reference ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████ None of these documents can be marked confidential. *See Salomon Smith Barney, Inc. v. HBO &Co.*, 2001 WL 225040, at *2-3 (S.D.N.Y. March 7, 2001) (Kaplan, J) (unsealing business records that did not reflect "trade secrets or information of competitive sensitivity" and noting that "court records are presumptively public"); *see also Koch v. Greenberg*, 2012 WL 1449186, at *4 (S.D.N.Y. Apr. 13, 2012) ("a court will not protect several-year-old information without a specific explanation of the harm that would be caused by disclosure.").

## Conclusion

For the reasons set forth above, the Court should order that the eight documents at issue be de-designated so that Lead Plaintiff can file them on the public docket and remove the redactions of these documents from Lead Plaintiff's publicly filed class certification papers.

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, SUBJECT TO PROTECTIVE ORDER

Dated: April 23, 2015

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

John C. Browne
Jeremy P. Robinson
Kurt Hunciker
Katherine Stefanou
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444

*Counsel for Lead Plaintiff in the Securities Action*