Case 1:12-md-02335-LAK-JLC   Document 685   Filed 04/29/20   Page 1 of 2



COURTESY COPY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BANK OF NEW YORK MELLON CORP. FOREX TRANSACTIONS LITIGATION | No. 12-MD-2335 (LAK) (JLC) |
| THIS DOCUMENT RELATES TO: *Southeastern Pennsylvania Transportation Authority v. The Bank of New York Mellon Corporation, et al.* | No. 12-CV-3066 (LAK) (JLC) |
| *International Union of Operating Engineers, Stationary Engineers Local 39 Pension Trust Fund v. The Bank of New York Mellon Corporation, et al.* | No. 12-CV-3067 (LAK) (JLC) |
| *Ohio Police & Fire Pension Fund, et al. v. The Bank of New York Mellon Corporation, et al.* | No. 12-CV-3470 (LAK) (JLC) |
| *Carver, et al. v. The Bank of New York Mellon, et al.* | No. 12-CV-9248 (LAK) (JLC) |
| *Fletcher v. The Bank of New York Mellon, et al.* | No. 14-CV-5496 (LAK) (JLC) |

## [~~PROPOSED~~] ORDER AUTHORIZING *CY PRES* DISTRIBUTION OF RESIDUAL SETTLEMENT PROCEEDS

WHEREAS, by its Order and Final Judgment (ECF No. 638) and Order Approving Plan of Allocation (ECF No. 636), this Court approved the terms of the settlement set forth in the Stipulation and Agreement of Settlement dated as of March 19, 2015 (ECF No. 583-1) and the plan for allocating the net settlement proceeds to Settlement Class Members ("Plan of Allocation"), respectively, in the above-captioned litigation;

WHEREAS, by its Order Approving Distribution Plan for the Net Settlement Proceeds and Request for Reimbursement of Litigation Expense entered February 29, 2016 (ECF No. 672) ("Distribution Order"), the Court approved distribution of the Net Settlement Proceeds to

Settlement Class Members in accordance with the Court-approved Plan of Allocation and Distribution Plan (as set forth at ECF No. 669);

WHEREAS, in accordance with the Distribution Order, the Claims Administrator conducted three distributions of the Net Settlement Proceeds to Settlement Class Members and has determined that a further re-distribution of the Net Settlement Proceeds to Settlement Class Members would not be cost effective or efficient; and

WHEREAS, Lead Plaintiffs, in accordance with the Distribution Order, now seek the Court's (i) approval of the recommendation that any further re-distribution is not cost effective or efficient; and (ii) approval of the contribution of the balance of the Net Settlement Proceeds to a nonsectarian, not-for-profit, 501(c)(3) organization independent of Lead Settlement Counsel;

NOW, THEREFORE, upon reviewing (1) the Declaration of Ed Barrero in Support of Lead Plaintiffs' Motion for Order Authorizing *Cy Pres* Distribution of Residual Settlement Proceeds, submitted on behalf of Epiq Class Action & Claims Solutions, Inc.; (2) Lead Plaintiffs' Motion for Order Authorizing *Cy Pres* Distribution of Residual Settlement Proceeds; and upon all prior proceedings heretofore and herein, and after due deliberation, it is hereby

ORDERED, that a further re-distribution of the balance of the Net Settlement Proceeds would not be cost effective or efficient; and it is further

ORDERED, that the balance of the Net Settlement Proceeds shall be contributed to the ~~Public Justice Foundation~~ American Lung Association COVID-19 Action Initiative. /LAK/

SO ORDERED this 24th day of May, 2020.

_____
The Honorable Lewis A. Kaplan
United States District Judge

2